**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **FIDELMAR GARCIA**, | Case No. 3:26-cv-122-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **WESTVIEW CONSTRUCTION LLC;** and **NOE REYES**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiff filed this lawsuit against Defendants in January 2026, alleging violations of the Fair Labor Standards Act ("FLSA") and Oregon wage and hour laws, as well as breach of contract. ECF 1. The Court granted Plaintiff's motions for entry of default against Westview Construction and Noe Reyes in March 2026. ECF 8; ECF 11. Inn June 2026, the Court granted Plaintiff's motion for default judgment against both Defendants and entered judgment in Plaintiff's favor, awarding Plaintiff unpaid wages, liquidated damages, civil penalties, noneconomic damages, and interest totaling $56,413.28. ECF 19; ECF 20. The Court also awarded Plaintiff attorney fees and costs and allowed Plaintiff 14 days to submit documentation showing the calculation of Plaintiff's attorney fees. ECF 19. Now before the Court is Plaintiff's

PAGE 1 – ORDER

Motion for Attorney Fees in the amount of $18,572.10 and costs in the amount of $605. ECF 21.

For the reasons that follow, the Court grants Plaintiff's motion.

## STANDARDS

The FLSA has a mandatory one-way fee-shifting provision, requiring that a defendant pay reasonable attorney's fees to a prevailing plaintiff. 29 U.S.C. § 216(b) (establishing that a court in a FLSA action "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"). Similarly, Oregon state law includes a fee-shifting provision to prevailing employees in a wage and hour claim, unless the employee willfully violated the employment contract or the employee's attorney failed to give written notice of the wage claim to the employer before filing the suit. Or. Rev. Stat. ("ORS") 652.200(2).

Under federal law, a district court's disposition of a motion for attorney's fees must "provide a reasonably specific explanation for all aspects of a fee determination" to allow for "adequate appellate review." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 558 (2010). The preferred method of calculating reasonable attorney's fees is the "lodestar" method. *Id.* at 551-52. This is because "the lodestar method produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case," is "readily administrable," and is "objective." *Id.* (emphasis in original). Additionally, one purpose of federal fee-shifting statutes is to ensure that a prevailing plaintiff's counsel receive a fee that is "sufficient to induce a capable attorney to undertake the representation of a meritorious . . . case." *Id.* at 552. The lodestar method of calculating attorney's fees "yields a fee that is presumptively sufficient to achieve this objective." *Id.* Although the lodestar calculation results in a presumptively reasonable fee, this fee may be adjusted in certain circumstances. *Id.*

PAGE 2 – ORDER

The lodestar amount is the product of the number of hours reasonably spent on the lawsuit, multiplied by a reasonable hourly rate. *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009).[1] In making this calculation, the district court should take into consideration various factors of reasonableness, including the quality of an attorney's performance, the results obtained, the novelty and complexity of a case, and the special skill and experience of counsel. *See Perdue*, 559 U.S. at 553-54; *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1209 n.11 (9th Cir. 2013).

In determining the number of hours reasonably spent, "the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown*, 565 F.3d at 1102 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The party seeking an award of attorney's fees "has the burden of submitting billing records to establish that the number of hours it has requested [is] reasonable." *Gonzalez*, 729 F.3d at 1202.

The district court may determine, in one of two ways, whether hours are excessive, redundant, or otherwise unnecessary, and thus excludable. The court may conduct an hour-by-hour analysis of the fee request. *Id*. at 1203. Alternatively, "when faced with a massive fee application the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure." *Id*. (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992)). "[W]hen a district court decides that a percentage cut (to either the lodestar or the number of hours) is warranted, it must 'set forth a concise but clear explanation of its reasons for choosing a given percentage reduction.'" *Id.* (quoting *Gates*, 987 F.2d at 1400). The Ninth Circuit recognizes one exception to this rule: "[T]he district court can

---

[1] It is "well established that time spent in preparing fee applications" also is compensable. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1210 (9th Cir. 2013) (quoting *Anderson v. Director, OWCP*, 91 F.3d 1322, 1325 (9th Cir. 1996)).

impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation." *Id*. (alteration in original) (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)).

In addition, other courts, including the District of Oregon, specifically caution against both block-billing and providing vague or otherwise inadequate descriptions of tasks because these practices hinder a court's ability to assess the reasonableness of the time expended. *See, e.g.*, U.S. District Court, District of Oregon, Message from the Court Regarding -Fee Petitions, *available at* https://ord.uscourts.gov/index.php/rules-orders-and-notices/public-notices (last updated Nov. 21, 2024). The Court has applied this cautionary statement, noting that "the court may excuse this method when the billing period is no more than three hours." *Updike v. Multnomah County*, 2020 WL 4736461, at *2 (D. Or. Aug. 14, 2020) (quoting *Noel v. Hall*, 2013 WL 5376542, at *6 (D. Or. Sept. 24, 2013)); *cf. Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 892 (9th Cir. 2011). For block-billing periods in excess of three hours, however, the Court has reduced each applicable entry by fifty percent. *See, e.g.*, *Fathers & Daughters Nevada, LLC v. Lingfu Zhang*, 2018 WL 3023089, at *5 (D. Or. June 18, 2018).

After determining the number of hours reasonably spent, the district court then calculates the reasonable hourly rates for the attorneys and paralegals whose work comprise the reasonable number of hours. This calculation yields the lodestar amount. For this purpose, the "'prevailing market rates in the relevant community' set the reasonable hourly rates." *Gonzalez*, 729 F.3d at 1205 (quoting *Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005)). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Id*. (quoting *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th

PAGE 4 – ORDER

Cir. 2010)). Within this geographic community, the district court should consider the experience, skill, and reputation of the attorneys or paralegals involved. *Id.* at 1205-06.

In determining reasonable hourly rates, typically "[a]ffidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). In addition, courts in the District of Oregon have the benefit of several billing rate surveys. One useful survey is the Oregon State Bar 2022 Economic Survey (OSB 2022 Survey), which contains data on attorney billing rates based on type of practice, geographic area of practice, and years of practice. A copy of the OSB 2022 Survey is available at https://www.osbar.org/_docs/resources/Econsurveys/22EconomicSurvey.pdf (last visited on July 29, 2026).

There is a strong presumption that the fee arrived at through the lodestar calculation is a reasonable fee. *Perdue*, 559 U.S. at 552. A district court may, however, adjust the lodestar amount in "rare" and "exceptional" cases, such as when a particular factor bearing on the reasonableness of the attorney's fee is not adequately taken into account in the lodestar calculation.[2] *See Perdue*, 559 U.S. at 554 (finding that, in certain circumstances, the superior

---

[2] Factors that may be relevant to the reasonableness of a fee include: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) time limitations imposed by the client or the circumstances; (7) the amount involved and the results obtained; (8) the experience, reputation, and the ability of the attorneys; (9) the "undesirability" of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases. *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). Based on subsequent case law, a twelfth factor identified in *Kerr*, the fixed or contingent nature of the fee, is no longer a valid factor to consider in determining reasonable attorney's fees. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 n.7 (9th Cir. 2011).

performance of counsel may not be adequately accounted for in the lodestar calculation); *Cunningham v. Cnty. of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988) (finding that although in ordinary cases the "results obtained" factor is deemed adequately accounted for in the lodestar calculation, it may serve as a basis to adjust the lodestar when "an attorney's *reasonable* expenditure of time on a case [is not] commensurate with the fees to which he [or she] is entitled").

## DISCUSSION

The Court begins by calculating the reasonable number of hours reasonably spent. Plaintiff's attorney has provided detailed, specific billing records detailing the hours she spent working on this case. ECF 22 (Hoefer Decl.) Ex. 2. Those records reflect that she worked a total of 28.1 hours, including 9.5 hours in 2025 and 18.6 hours in 2026. *Id*. The Court has carefully reviewed those records and sees no evidence of excessive, redundant, duplicative, or unnecessary labor. Moreover, Plaintiff's attorney declares that the billing records reflect a diligent effort on her part to reduce fees for time that was excessive or repetitive, ultimately removing over 10 hours of work from the final bill. ECF 22 ¶ 19. Thus, the Court finds that the billing records reflect a reasonable number of hours spent on this case.

The Court next determines a reasonable hourly rate. Plaintiff notes that courts in this district "have consistently awarded rates reflecting 75% of the relevant attorneys' years of practice and location listed in Table 36 of the [OSB Survey], adjusted for inflation." ECF 21 at 3-4 (citing *Coos Bay RV Invs., Ltd. Liab. Co. v. Wheelhaus Inc.*, 2022 WL 508818, at *2-4 (D. Or. Feb. 3, 2022); *Kathrens v. Bernhardt*, 505 F. Supp. 3d 1085, 1092 (D. Or. 2020). The relevant table from the OSB 2022 survey does not include information about 75% rates, so Plaintiff proposes the calculation methodology employed by Magistrate Judge Hallman in *Owens v. State Farm Fire & Cas. Co.*, 2023 WL 4014542, at *8 n.4 (D. Or. June 14, 2023). In that case,

PAGE 6 – ORDER

Judge Hallman added the 50% rate to the 95% rate and divided by two, resulting in a figure that approximated the 72.5% rate. *Id*. The Court finds this to be a reasonable approach to calculating a baseline hourly rate. The Court further finds Plaintiff's request for fees well above the median rate in Oregon to be reasonable because Plaintiff's attorney is extremely experienced and well-qualified for practice in this area of law. She has been in practice for over 30 years, primarily with the Northwest Workers Justice Project and the Farmworker Program at Legal Aid Services of Oregon, where she has gained extensive experience in representing Spanish-speaking workers in employment and civil rights cases. ECF 22 ¶¶ 4 – 10, Ex. 1.

Table 36 of the OSB 2022 Survey reports that the 50% rate for an Oregon attorney with over 30 years of experience was $350 per hour, and the 95% rate was $722 per hour, in 2021. Using Judge Hallman's formula, the Court arrives at a reasonable rate of $536 per hour. The Court uses the U.S. Department of Labor's Consumer Price Index calculator online to adjust that rate for inflation for hours worked in 2025 and 2026. The calculator can be found at https://data.bls.gov/cgi-bin/cpicalc.pl (last visited July 29, 2026). That process resulted in an adjusted rate of $651 for hours worked in 2025 and $666 for hours worked in 2026.[3]

The final calculation of attorney fees to be awarded is the sum of the 2025 hours multiplied by the 2025 adjusted rate plus the 2026 hours multiplied by the 2026 adjusted rate. That calculation yields a total of $18,572.10, Plaintiff's requested amount. With no compelling reason further to adjust the fee, the Court finds this sum to be reasonable.

A prevailing plaintiff in an FLSA action is also entitled to recover the costs of that action. *Mumford v. Eclectic Inst., Inc.*, 2016 WL 8711693, at *8 (D. Or. Apr. 29, 2016) (citing

---

[3] The precise result was $650.93 for 2025 and $666.46 for 2026. The Court has rounded to the nearest whole dollar for ease of calculation, consistent with Plaintiff's motion.

PAGE 7 – ORDER

29 U.S.C. § 216(b). Plaintiff requests $605 in costs and has provided a Bill of Costs confirming that Plaintiff paid $405 in fees of the clerk and $200 in fees for service of summons. ECF 22, Ex. 3. The Court grants Plaintiff's requests for costs.

## CONCLUSION

The Court GRANTS Plaintiff's motion for attorney fees and recoverable costs (ECF 21) and awards Plaintiff $18,572.10 in attorney fees and $605 in costs.

**IT IS SO ORDERED.**

DATED this 30th day of July, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 8 – ORDER